CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 20 2018

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LYLA GOFF WOOD, | ) |
| | ) Civil Action No. 3:18CV00004 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| NANCY A. BERRYHILL, Acting | ) Senior United States District Judge |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

By memorandum opinion and order entered August 31, 2018, the court remanded this case to the Commissioner of Social Security for further consideration of plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. The Commissioner has now filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The plaintiff has filed a response to the motion. Having considered the parties' arguments, the court concludes that the motion must be denied.

"A Rule 59(e) motion may be granted only in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id. The rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (citation and internal quotation marks omitted).

Applying these principles, the court concludes that the Commissioner is not entitled to relief under Rule 59(e). In her motion, the Commissioner first argues that the Administrative Law Judge adequately assessed the opinions of Dr. Elizabeth Hrncir, who performed a consultative psychological evaluation at the request of the state agency. For the reasons stated in the court's previous memorandum opinion, the court is unable to agree. As set forth in more detail in that opinion, Ms. Wood has a history of treatment for depression. (Tr. 510, 511, 666, 697, 698, 709, and 758). Based on the clinical interview and mental status examination, Dr. Hrncir's diagnostic impressions included "major depressive disorder, recurrent, moderate to severe." (Tr. 555). She assessed Ms. Wood's functional limitations as follows:

> Ms. Wood can perform simple and repetitive tasks but may have difficulty with complex and detailed tasks because of her symptoms . . . . Ms. Wood will need additional supervision to complete work activities on a consistent basis, maintain regular attendance in the workplace, and complete a normal workday. Ms. Wood is not expected to have difficulty accepting instructions from supervisors. Ms. Wood's symptoms will influence her interactions with coworkers and the public. Ms. Wood may show a moderate to severe exacerbation of symptoms to the usual stresses encountered in competitive work.

(Tr. 554–55).

In evaluating plaintiff's residual functional capacity, the Law Judge gave Dr. Hrncir's opinions "partial weight."[1] (Tr. 25). Although the Law Judge found that Dr. Hrncir's examination "supports limiting the claimant to simple routine repetitive tasks and low stress work," she apparently rejected Dr. Hrncir's opinion that plaintiff will need additional supervision to finish work activities on a consistent basis, maintain regular attendance, and complete a normal workday. (Tr. 25). The Law Judge noted that "further limitations in the claimant's

---

[1] The Law Judge's assessment of plaintiff's residual functional capacity included the following nonexertional limitations: "The claimant is limited to simple routine repetitive tasks, superficial contact with the public, and low stress work, meaning no high production quotas or fast paced assembly." (Tr. 20).

2

abilities are not warranted" since Ms. Wood "recalled the first and current presidents of the United States, her birth date, age, address, phone number, year obtained GED, and age of boyfriend, son, daughter, and brother," and since she "was able to spell three different words backwards." (Tr. 25).

As the court previously explained, it is not enough for a Law Judge to merely "summarize[] evidence that [she finds] credible, useful, and consistent." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018). Instead, the Law Judge "must both identify evidence that supports [her] conclusion and 'build an accurate and logical bridge from that evidence to [her] conclusion" regarding the claimant's residual functional capacity. Id. (internal quotations marks and additional alterations omitted) (emphasis in original). Here, the Law Judge never explained how she concluded—based on the plaintiff's ability to recall such basic information as her address, phone number, and age—that plaintiff could finish work activities on a consistent basis, maintain regular attendance, and complete a normal workday without additional supervision. Consequently, the court remains convinced that the Law Judge failed to build a logical bridge from the evidence she recounted to her conclusions regarding plaintiff's residual functional capacity. See id. While the Commissioner obviously disagrees with the court's conclusion, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Nor do the Commissioner's efforts to provide post hoc justifications for the Law Judge's decision. See Frantz v. Astrue, 509 F.3d 1299, 1302 (10th Cir. 2007) ("The Commissioner's post hoc argument supplying possible reasons for the ALJ's seeming rejection of Ms. Youngs' opinions is unavailing.").[2]

---

[2] For instance, the Commissioner cites to the opinions of the non-examining state agency consultants, who found that plaintiff's mental impairment is not severe. However, the Law Judge gave these opinions "little weight," since the evidence "demonstrates the claimant has a severe mental impairment." (Tr. 26). Moreover, the Law Judge did not specifically rely on such opinions in electing to accord partial weight to Dr. Hrncir's assessment of plaintiff's functional limitations.

3

The court must also reject the Commissioner's argument that the Law Judge adequately accounted for the moderate limitations in concentration, persistence, or pace that she found at step three of the sequential evaluation process. Citing the decision of the United States Court of Appeals for the Fourth Circuit in <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015), the court ruled that the Law Judge failed to explain how plaintiff's moderate limitations in concentration, persistence, or pace were addressed by virtue of a finding of limitation to "simple routine repetitive tasks, superficial contact with the public, and low stress work," which she defined as "meaning no high production quotas or fast placed assembly." (Tr. 20). The court observed that the ability to perform simple tasks does not necessarily equate with the ability to stay on task, and that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." <u>Mascio</u>, 780 F.3d at 638.

In the instant motion, the Commissioner argues that "<u>Mascio</u> is inapposite," given that the Law Judge did not merely limit plaintiff to simple, routine tasks or unskilled work. Def.'s Mot. to Alter or Amend J. 8, Dkt. No. 27. However, as previously noted, <u>Mascio</u> underscores the Law Judge's duty to explain how her residual functional capacity findings adequately account for a claimant's work-related limitations. <u>See id.</u> Here, while the Law Judge also restricted plaintiff to "superficial contact with the public" and "low stress work," the Law Judge failed to explain how such limitations sufficiently accommodate plaintiff's moderate difficulties with concentration, persistence, or pace. (Tr. 20). Accordingly, the court remains convinced that remand is appropriate. <u>See, e.g.</u>, <u>Waters v. Berryhill</u>, No. 5:17-cv-00035, 2018 U.S. Dist. LEXIS 135834, at *20–22 (W.D. Va. Aug. 13, 2018), <u>report and recommendation adopted</u>, Dkt. No. 24 (W.D. Va. Sept. 10, 2018) (concluding that remand was required under <u>Mascio</u> even though the residual functional capacity assessment "included other limitations . . . beyond a restriction to simple, routine, and repetitive tasks," since the Law Judge did not adequately explain his residual

4

functional capacity determination) (collecting other cases from this district); Carter v. Berryhill, No. 8:17-cv-091277, 2018 U.S. Dist. LEXIS 115474, at *24 (D.S.C. June 18, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 114037 (D.S.C. July 9, 2018) (remanding for further proceedings where the Law Judge "failed to explain how a limitation to 'simple, routine, repetitive tasks not performed in a fast paced production environment; involving only simple work-related instructions and decisions and relatively few work place changes' and to 'occasional interaction with co-workers and members of the general public' addresses Plaintiff's moderate difficulties in concentration, persistence, and pace").[3]

For these reasons, the court finds no basis to alter or amend the judgment under Rule 59(e). Accordingly, the Commissioner's motion will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 30th day of November, 2018.

_____
Senior United States District Judge

---

[3] In support of the pending motion, the Commissioner emphasizes that other district courts in the Fourth Circuit have found that a Law Judge adequately accounted for a claimant's difficulty with staying on task by limiting the claimant to "non-production work or work not performed at an assembly-line pace." Def.'s Mot. to Alter or Amend J. 9, Dkt. No. 27 (quoting Crowder v. Berryhill, No. 2:17-cv-186, 2018 U.S. Dist. LEXIS 163885, at *27 (E.D. Va. Sept. 24, 2018)). While the court acknowledges that such restrictions may be sufficient under the circumstances of a particular case, it is incumbent upon the Law Judge to explain her residual functional capacity findings. In the instant case, the court remains convinced that the Law Judge failed to provide an adequate explanation of how her residual functional capacity assessment accounted for the moderate limitations found at step three of the sequential evaluation process.